

IN THE UNITED STATES District COURT
FOR THE Northern District OF GEORGIA Atlanta Division

Tasha Helm,
Plaintiff,

v.

Fiserv, Inc.,
Defendant.

**1:25-CV-2108**

Civil Action No.: _____

---

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**(Filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.)**
**JURY TRIAL DEMANDED**

---

### I. JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 2000e-5(f)(3).

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) as the acts and omissions giving rise to the claims occurred within this District.

---

### II. PARTIES

3. **Plaintiff**, Tasha Helm, is a resident of Cobb County, Georgia, and was employed by Defendant within this District until her termination on or about February 1, 2024.

4. **Defendant**, Fiserv, Inc., is a corporation duly organized under the laws of Wisconsin with operations in the Northern District of Georgia and is an employer within the meaning of Title VII.

---

### III. PROCEDURAL REQUIREMENTS

5. Plaintiff timely filed a charge of discrimination (EEOC Charge No. 410-2024-10764) with the Equal Employment Opportunity Commission ("EEOC") on or about July 2024. Wherein the Defendant was notified as a courtesy.

6. Plaintiff received a Notice of Right to Sue from the EEOC on [lJanuary 16, 2025 Receipt], and this action is filed within 90 days of receiving that notice.

## IV. FACTUAL ALLEGATIONS

7. Plaintiff was employed by Defendant from January 2011 through February 2024, most recently serving as Director within the Corporate Social Responsibility department.

8. Plaintiff received multiple awards, accolades, and was repeatedly recognized for her high performance, innovation, and leadership across her tenure.

9. Beginning in 2022, Plaintiff experienced a pattern of discriminatory treatment including microaggressions, unfair treatment, hostile and toxic environment, exclusion from meetings related to her duties, and retaliation after raising internal concerns.

10. Despite positive recognition by MC-level leadership, Plaintiff's responsibilities were reassigned to less experienced employees.

11. In February 2024, Plaintiff was terminated under the pretext of a reduction-in-force, despite her programmatic work continuing and being reassigned internally.

12. Fiserv's counsel communicated in July, 2024 that severance compensation line items were available without any specified end date or attached conditions. No expiration was mentioned.

13. Subsequently, Defendant reversed this position without providing documentation, asserting the availability had expired for the full amount offered and proposing a reduction based on their incurred legal fees.

14. Plaintiff retained two attorneys without the benefit of contingency arrangements and has incurred substantial out-of-pocket legal costs.

15. Plaintiff sought internal resolution in good faith for over 14 months, without remedy.

## V. CAUSES OF ACTION

### COUNT I: Discrimination Based on Race and Gender (Title VII)

16. Plaintiff re-alleges and incorporates the foregoing paragraphs.

17. Defendant discriminated against Plaintiff, subjecting her to disparate treatment, exclusion, and ultimate termination.

### COUNT II: Retaliation (Title VII)

18. Plaintiff engaged in protected activities that were carved out for Inclusion and was subjected to retaliatory actions, including removal from programs and eventual termination.

### COUNT III: Hostile Work Environment

19. Defendant created and permitted a hostile work environment, wherein Plaintiff was subjected to ongoing microaggressions, public ridicule, and undue scrutiny, creating conditions that were uncomfortable.


## VI. DAMAGES

20. As a direct and proximate result of Defendant's actions, Plaintiff has suffered:

- Loss of wages and benefits
- Emotional distress and mental anguish
- Legal expenses and professional damage

21. Plaintiff seeks all available remedies under Title VII, including:

- Back pay and front pay
- Compensatory and non-economic damages
- Punitive damages
- Attorney's fees and costs
- Any other relief this Court deems just and proper

---

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a. Enter judgment in her favor; b. Award damages as permitted under law; c. Grant a trial by jury; *[handwritten: through Of mediation.]* d. Award attorney's fees and costs; and e. Provide such other and further relief as justice may require.

---

**JURY DEMAND** *[handwritten: or Mediation]*

Plaintiff demands a trial by jury on all claims so triable.
*[handwritten: or by mediation]*

Respectfully submitted,

*[signature]*

**Tasha Helm**


770-851-4851
trhw07@gmail.com
*Pro Se Plaintiff*